F I L E D
United States Court of Appeals
Tenth Circuit

APR 29 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JUAN MANUEL VASQUEZ,

      Petitioner-Appellant,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary; and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 98-2151
(D.C. No. Civ-97-749 BB)
(Dist. N.M.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

On February 21, 1996, pro-se appellant Juan Manuel Vasquez ("Vasquez")

pled guilty in New Mexico state court to seven felony charges: (1) Shooting from

a Motor Vehicle; (2) Aggravated Battery; (3) Aggravated Assault upon a Peace

Officer; (4) Aggravated Assault; (5) Residential Burglary; (6) Trafficking (by

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

distribution); and (7) Escape from Jail. The trial court sentenced him to 17 years in prison, five years of supervised probation, and two years of parole after release. Vasquez did not file a direct appeal of his conviction or sentence. He did, however, file a petition for writ of habeas corpus in New Mexico state court, raising a double jeopardy challenge and a claim of ineffective assistance of counsel, which was summarily dismissed on April 16, 1997. The New Mexico Supreme Court denied certiorari on May 20, 1997.

Next, Vasquez filed a petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2254 in the United States District Court for the District of New Mexico, in which he raised the following four issues:

1. His conviction was obtained by a guilty plea which was unlawfully induced or not made voluntarily with an understanding of the nature of the charges and the consequences of the plea.

2. His conviction was obtained by use of a coerced confession and by a violation of the privilege against self-incrimination.

3. His conviction was secured by use of evidence obtained pursuant to an unlawful arrest, and by the "unconstitutional failure of the prosecution to disclose to the def[endant] evid[ence] favorable to [the] def[ense]."

4. His "[c]onviction was obtained by a violation of the protection against Double Jeopardy and by the denial of effective [assistance] of counsel."

Without commenting on the merits of Vasquez's claims, a magistrate judge found that Vasquez "concede[d] that he has not exhausted Grounds 1, 2 and 3," thus

recommended dismissing the petition without prejudice as a mixed petition under Rose v. Lundy, 455 U.S. 509 (1982). The district court adopted the magistrate's recommendation and dismissed Vasquez's petition for a writ of habeas corpus without prejudice. "[F]inding no substantial issue of law for review as set forth in the Magistrate's Proposed Findings and Recommended Disposition," which it had adopted, the district court denied Vasquez a Certificate of Appealability.

We agree with the Magistrate's Proposed Findings and Recommended Disposition, as adopted by the district court, thus we deny Vasquez's request for a Certificate of Appealability.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge